LAMAR, Justice,
concurring in part and dissenting in part:
¶ 83. I agree with the majority that Hollie’s death sentence must be set aside because of the circuit court’s failure to properly address .and adjudicate his competence. But I do not agree that Hollie’s convictions for capital murder and for armed robbery should be set aside.
*847 ¶84. The majority correctly presents the unusual and unprecedented procedural posture of this case. Unlike any other death-penalty case that has come before this Court, this case is not before us on direct appeal, but upon a mandatory sentence review initiated by this Court pursuant to Mississippi Code Section 99-19-105, which provides, in pertinent part:
(1) Whenever the death penalty is imposed, and upon the judgment becoming final in the trial court, the sentence shall be reviewed on the record by the Mississippi Supreme Court ...
(2) The Mississippi Supreme Court shall consider the punishment as well as any errors enumerated by way of appeal.
(3) With regard to the sentence, the court shall determine:
(a) Whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor;
(b) Whether the evidence supports the jury’s or judge’s finding of a statutory aggravating circumstance as enumerated in Section 99 — 19—101;
(c) Whether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant ...
[[Image here]]
(5) [T]he court, with regard to review of death sentences, shall be authorized to:
(a) Affirm the sentence of death;
(b) Reweigh the remaining aggravating circumstances against the mitigating circumstances should one or more of the aggravating circumstances be found to be invalid, and (i) affirm the sentence of death or (ii) hold the error in the sentence phase harmless error and affirm the sentence of death or (in) remand the case for a new sentencing hearing; or
(c)Set the sentence aside and remand the case for modification of the sentence to imprisonment for life.
Miss.Code Ann. § 99-19-105 (Rev.2007) (emphasis added). Here, Hollie did not file any post-trial motions or a direct appeal. So his death sentence is the only question before us, and I would stop our analysis there.
¶ 85. In short, I do not agree that Hollie’s capital-murder conviction is before us, and I certainly do not agree that his armed-robbery conviction — a completely separate charge stemming from a completely separate incident — is before us. The majority’s statement that this Court “has a statutory duty, under Section 99-19 — 105(3)(b) and Section 99-19-105(6) to conduct an inquiry into the ... validity of any prior conviction determined to be an aggravating factor” is simply incorrect. Maj. Op. at ¶31 (emphasis added). The statute does not direct this Court to determine the validity of the prior conviction. Section 99 — 19—105(3)(b) states only that this Court should determine whether the evidence supports the jury’s or judge’s finding of a statutory aggravating circumstance, and Section 99-19-105(6) states only that this Court should render its decision on the “validity of the [death] sentence.” (Emphasis added.)
¶ 86. In fact, as the majority correctly points out, this Court repeatedly has said that any assault on a prior conviction must be made in a separate proceeding. Maj. Op. at ¶ 31; see, e.g., Culberson v. State, 612 So.2d 342, 344 (Miss.1992). But the majority then ignores this longstanding precedent, stating that, “as a practical matter, this is an efficient use of judicial resources.” Maj. Op. at ¶ 32. I note finally that every case cited by the majority to support its reversal of the armed-robbery *848 conviction arises from a direct appeal of a capital-murder conviction. Those cases are in a different procedural posture than the present one.
¶ 87. I would recognize this Court’s limited mandate to review Hollie’s death sentence. And even though it may not be “efficient,” I would stop our analysis there, and I would reverse Hollie’s death sentence and remand this case to the trial court for further proceedings. I therefore respectfully concur in part and dissent in part.
PIERCE AND COLEMAN, JJ., JOIN THIS OPINION. DICKINSON, P.J., JOINS THIS OPINION IN PART.